# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLAREE S. MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC,<br><br>    Defendant. | Civil No. 12-CV-02966-L-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [doc. # 17]** |

Plaintiff moves to have the above-captioned case remanded to the state court for lack of jurisdiction. Defendant objects to the motion contending that the action was properly removed based upon diversity of citizenship. Having fully considered the matters presented, the Court enters the following decision.

**Background**

On November 1, 2012, Plaintiff Dellaree Murray filed her Complaint in the Superior Court of the State of California, in and for the County of San Diego alleging various violations of California consumer protection laws following her purchase of a vehicle from Defendant Carmax Auto Superstore California, LLC ("CarMax"), a limited liability company headquartered in Virginia, in July 2011. (Comp. ¶ 6). At the time of purchase, Plaintiff alleges that a CarMax employee repeatedly assured her that the vehicle had never been in an accident and was free of serious defects and nonconformities after completing CarMax's AutoCheck

Vehicle History and inspection. (*Id.* ¶¶ 6-21) The purchase price of the vehicle was $16,599.00, which Plaintiff seeks to recover upon recession of the contract. (*Id.*) She also seeks general damages. (*Id.*) Further, Plaintiff requests attorneys' fees and costs, and for equitable and injunctive relief for the alleged fraudulent practices. (Comp. ¶ 51)

Plaintiff states four causes of action in her complaint 1) Violation of the Consumers Legal Remedies Act (CAL. CIV. CODE § 1750); 2) Violation of the Song-Beverly Consumer Warranty Act (CAL. CIV. CODE § 1790); 3) Violation of the Business and Professions Code § 17200; and 4) Fraud and Deceit. Defendant removed this case to federal court on December 12, 2012, on the basis of diversity of citizenship jurisdiction. Plaintiff seeks remand of the action to state court arguing that there is no diversity of citizenship. Plaintiff does not contest statements regarding the amount in controversy made in Defendant's Opposition brief and therefore concedes that the amount in controversy requirement is met.

## Legal Standards for Removal

Although a number of motions are pending in this case, the Court addresses the issue of jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-94 (1998) quoting *Mansfield, C & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *O'Halloran v. University of Wash.*, 856 F.2d 1375,

1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## Diversity Jurisdiction

A federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The diversity statute must be strictly construed. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Because circuit courts had interpreted the test for "principal place of business" differently, the Supreme Court resolved the issue by holding that a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1191-92 (2010). The Court further explained that a principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Thus, *Hertz* "provided a uniform test for courts to apply when determining the principal place of business for federal diversity jurisdiction purposes." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012).

In the *Harris* case, the court found that *Hertz* does not impose a "heightened pleading requirement or dictate a precise manner for pleading subject matter jurisdiction." *Id*. Nevertheless, when the allegations of a party's principal place of business are in doubt about whether diversity exists, the party alleging jurisdiction is required to demonstrate its "allegations by a preponderance of evidence." *Id.* (quoting *Gaus*, 980 F.2d at 567); *see also Hertz*, 130 S. Ct. at 1194–95 (The district court may properly require a party asserting federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof.)

///
///
///

**Discussion**

In its Notice of Removal, CarMax states that "at the time this action was commenced, [it] was and still is a limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia, and was not and is not organized under the laws of the State of California, wherein this action was brought." (Notice of Removal at 2.). But CarMax previously stated, in a verified discovery response in a different case, that its principal place of business is in California. Defendant still asserts that it should be considered a Virginia citizen for purposes of diversity jurisdiction.

Although it is Defendant's burden to establish diversity jurisdiction, neither Plaintiff nor Defendant has provided sufficient evidence to alleviate questions surrounding the location of CarMax's principal place of business in order to establish jurisdiction. Plaintiff's only evidence to show that Defendant's principal place of business is in California is a statement within a verified discovery response provided by Defendant in a different case, *Brooks v. Carmax Auto Superstore California, LLC*, 37-2012-00097107-CU-BC-CTL, Superior Court of the State of California, in and for the County of San Diego.

When asked for the address of its principal place of business, Defendant responded:

> 12800 Tuckahoe Creek Parkway, Richmond, VA 23238. **As of July 1, 2012, CarMax Auto Superstores California, LLC's principal place of business is in Orange County, California.**

(Decl. of Christopher T. Smith, Exh. 1, doc. #17-3, PLF004, lines 8-26 (emphasis added.))

Defendant argues that when it made this verified statement, it was referring only to their principal place of business as Orange County for purposes of having a business in California pursuant to California law, not to establish federal diversity jurisdiction. Defendant notes that the question asked for an address of its principal place of business, which it answered with its Virginia headquarters address.[1]

Plaintiff contends that CarMax operates a large number of stores in California compared

---

[1] Defendant previously was headquartered in California. Prior cases involving Defendant occurred when it was headquartered in California and therefore cannot provide any supplemental guidance.

with the rest of the United States, and therefore California should be considered its principal place of business. This argument has been expressly rejected by the Supreme Court in *Hertz* when establishing the nerve center test over a proportionality test. 130 S. Ct. at 1191.

As noted, however, the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists, in this case, Defendant. *Gaus*, 980 F.2d at 566. California district courts have found that for purposes of establishing diversity jurisdiction, "reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test. *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011); *see also Hertz,* 130 S. Ct. at 1195 (finding "the mere filing of a form ... listing a corporation's 'principal executive offices' would, without more," be insufficient proof to establish a corporation's "nerve center"). Defendant presents multiple printouts from the Secretary of State, as well as several other forms filed in California stating that its headquarters is located in Virginia. Although more than a single piece of evidence, this does not prove by a preponderance of the evidence that CarMax's principal place of business is in Virginia and not California for purposes of diversity jurisdiction, particularly when considering Defendant's contrary verified discovery response and the absence of other evidentiary material to support the nerve center test.

## Conclusion

The burden is on Defendant to satisfy the nerve center test to establish that removal was proper. *See Gaus*, 980 F.2d at 566. Defendant has only shown through documents and declarations of CarMax's corporate officers that Defendant is a corporation headquartered in Virginia and that their CEO works out of that location, not that the nerve center is located in Virginia. Defendant has not overcome the doubt created regarding the location of their principal place of business in order to establish diversity of citizenship. *See id*. Furthermore, Plaintiff's claims rest on California state contract and consumer law claims. Given the strong presumption for remand in order to protect the jurisdiction of state courts to hear claims involving state law, the Court finds in favor of granting Plaintiff's motion for remand. *See Harris*, 425 F.3d at 698.

Based on the foregoing, Plaintiff's motion for remand is **GRANTED**. The Clerk of the

Court is directed to return this action, *Dellaree S. Murray v. Car Max Auto Superstores California, LLC,* to the Superior Court of California, County of San Diego, Case No. 37-2012-00084489-CU-BC-CTL.

**IT IS SO ORDERED.**

DATED: August 21, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIM
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL